NEWTON S. COAN et al *vs.* AUBURN WATER COMMISSIONERS.

Androscoggin.    Opinion August 13, 1912.

*Action on the Case.  Blasting.  Corporation Damages.  Liability.*
*Negligence.  Party.  Waiver.  Water System.  Chapter 243*
*of Private and Special Laws of 1895.*

Points not made at the trial are not open to the party at the hearing before
the Law Court.  It is the well settled rule that points not made at the
trial are considered as waived.

A party should not be silent when he ought to speak.

It is true that there are exceptions to this rule and that the court, sometimes,
will of its own motion, consider and determine issues upon points not
suggested by either party, in the furtherance of justice.

On motion by defendant.  Overruled.

This is an action on the case to recover damages for injuries to
the plaintiff's house in Auburn, caused by the alleged negligent
blasting in the street adjacent thereto.  The defendant, a corpora-
tion having the control and management of the public water system
in the City of Auburn, was excavating a trench through a ledge for
the laying of a pipe.  The blasting caused the injuries complained
of.  Verdict for the plaintiff for $429.32.  The defendant filed a
general motion for a new trial.

The case is stated in the opinion.

*George C. Webber,* for plaintiff.

*Harry Manser,* for defendant.

SITTING: WHITEHOUSE, C. J., SAVAGE, SPEAR, CORNISH, KING,
HALEY, JJ.

SAVAGE, J.  Action on the case to recover damages for injuries
to the plaintiff's house in Auburn caused by alleged negligent blast-
ing in the street adjacent thereto.  The defendant, a corporation

having the control and management of the public water system in the city of Auburn, was excavating a trench through a ledge, for the laying of a water pipe. The necessary blasting caused the injuries complained of. The plaintiffs recovered a verdict for $429.32. The case is before us on defendant's motion for a new trial.

The defendant contends, first, that under the provisions of Chap. 243 of the Private and Special Laws of 1895, under the authority of which the defendant was managing and operating the Auburn Water system, the defendant is not liable for negligence of this sort, but·that the city is made expressly and solely liable for the defendant's negligence; secondly, that the defendant was not negligent; and lastly that the verdict was excessive.

It is admitted that the first point was not made at the trial. For that reason, it is not open to the defendant now. It is the well settled rule that points not made at the trial are considered as waived. *Eaton* v. *Telegraph Co.*, 68 Maine, 63; *Cowan* v. *Bucksport*, 98 Maine, 305. It is obvious that such should be the general· rule. A party should not be silent when he ought to speak. He ought to speak at the earliest practical moment in the progress of a trial, if he has, or thinks he has, a point which may be decisive. He should not wait until great expense has been incurred and great costs have accumulated, which latter burden must be borne in the end by the defeated party. It is true that there are exceptions to the rule, as shown in *Belmont* v. *Morrill*, 69 Maine, 305. It is true, also, as suggested at the argument, that the court, sometimes, will of its own motion consider and determine issues upon points not suggested by either party. This it does in the furtherance of justice.

But this case we think comes within the general rule. Justice does not require that the plaintiff should be remitted to a suit against the city of Auburn for their remedy. The defendant is an active trustee, created such by statute. It holds the title to the Auburn Water system as security for bonds issued by it to pay the purchase price, and for improvements and extensions. While it holds the title, it manages the property. The individual commissioners are elected from time to time by the city council. When the bonds are paid, the property will revert to the city of Auburn. So that the entire equitable interest in the system, subject to the bonds,

is in the city. Chap. 243, Private and Special Laws, 1895. It follows then, that the burden of a judgment for the plaintiff in this case will fall, not immediately, but ultimately, on the city. Whether the point, if taken seasonably, would have availed the defendant, we do not decide.

As to the questions of the defendant's negligence, and the size of the verdict, it is only necessary to say that we think the evidence warranted the verdict of the jury. It must stand.

*Motion overruled.*